IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOSHUA VANN,**
          Plaintiff,

v.                                                                Civil Action No. **3:20CV897**

**SUPERVISOR KING, et al.,**
          Defendants.

**MEMORANDUM OPINION**

The plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The action proceeds on the plaintiff's Amended Complaint ("Complaint," ECF No. 17), wherein he raises the following claim for relief: defendant Supervisor King violated the plaintiff's rights under the Eighth Amendment,[2] on April 26, 2019, when he instructed the plaintiff to clean a paint brush in an unauthorized solution that ultimately ignited and caused third-degree burns to the plaintiff. (ECF No. 17, at 5–7.)[3]

The matter is before the Court on the defendant's motion for summary judgment. (ECF No. 26.) For the reasons set forth below, the Court will GRANT the motion for summary judgment.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization and omits the emphasis in quotations from the parties' submissions.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[3] The plaintiff also named Supervisor Danny as a defendant. By Memorandum Opinion and Order entered on August 27, 2021, the Court dismissed all claims against Supervisor Danny because the plaintiff failed to serve him in a timely manner. (ECF Nos. 31, 32.)

## I. Summary Judgment Standard

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility of informing the court of the basis for the motion and identifying the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting

*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

The defendant asks the Court to dismiss the plantiff's claims because the plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of his motion for summary judgment, the defendant submits: (1) an affidavit from A. Jackson, the Grievance Coordinator at Nottoway Correctional Center (ECF No. 27–1, at 1–6); (2) a copy of Operating Procedure 866.1, Offender Grievance Procedure ("Operating Procedure § 866.1," ECF No. 27–1, at 7–20); and, (3) copies of Informal Complaints and Grievances submitted by the plaintiff (ECF No. 27–1, at 21–27).

As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. The plaintiff failed to respond to the motion for summary judgment, thereby failing to cite to any evidence that he wishes the Court to consider in opposition. *See* Fed. R. Civ. P. 56(c)(3) (emphasizing that "[t]he court need consider only the cited materials" in deciding a motion for summary judgment). The plaintiff's complete failure to present any evidence to counter the defendant's motion for summary judgment permits the Court to rely solely on the defendant's submissions in deciding the motion. *See Forsyth*, 19 F.3d at 1537; Fed. R. Civ. P. 56(c)(3) ("The Court need only consider the cited materials . . . .").

Considering the foregoing principles and submissions, the following facts are established for the purposes of the motion for summary judgment. All permissible inferences are drawn in favor of the plaintiff.

## II. Relevant Facts

### A. Grievance Procedure at the Virginia Department of Corrections ("VDOC")

Operating Procedure § 866.1, Offender Grievance Procedure, is the mechanism used to resolve inmate complaints in the VDOC. (Jackson Aff. ¶ 4.) Offenders receive an orientation to the grievance procedure system when they arrive at a VDOC facility. (Operating Procedure § 866.1.IV.A.4.) Operating Procedure § 866.1 requires that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. (*Id.* § 866.1.V.A.) Generally, a good faith effort requires the inmate to submit an informal complaint form. (*Id.* § 866.1.V.A.1–2.) Inmates must "provide specific information and details when submitting a complaint by providing dates, times, names of staff, and details about what occurred . . . . so that staff can attempt to resolve the complaint." (Jackson Aff. ¶ 7.) "[I]f an inmate files a complaint against staff, but doesn't provide the names of staff against whom he has filed a complaint, that does not give the facility the opportunity to talk to whoever was involved . . . ." (*Id.*) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the standard "Regular Grievance" form. (*Id.* § 866.1.VI.A.2.)

The regular grievance form asks the offender to specifically identify the "Individuals Involved in Incident," amongst other details. (*See* ECF No. 41–1, at 27.) "The original *Regular Grievance* (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Facility Unit Head's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (*Id.* § 866.1.VI.A.2.b.) The offender must attach to the regular grievance a copy of the informal complaint or other documentation demonstrating their attempt to informally resolve the issue. (*Id.* § 866.1.VI.A.2.a.) Additionally, "[i]f 15 calendar

days have expired from the date the *Informal Complaint* was logged without the offender receiving a response, the offender may submit a *Grievance* on the issue and attach the *Informal Complaint* receipt as documentation of the attempt to resolve the issue informally." (*Id.* § 866.1.V.A.3.) A formal grievance must be filed within thirty days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

### 1. Grievance Intake Procedure

Prior to review of the substance of a grievance, prison officials conduct an "intake" review of the grievance to assure that it meets the published criteria for acceptance. (*Id.* § 866.1.VI.B.) A grievance meeting the criteria for acceptance is logged in on the day it is received, and a "Grievance Receipt" is issued to the inmate within two days. (*Id.* § 866.1.VI.B.3.) If the grievance does not meet the criteria for acceptance, prison officials complete the "Intake" section of the grievance and return the grievance to the inmate within two working days. (*Id.* § 866.1.VI.B.4.) If the inmate desires a review of the intake decision, he or she must send the grievance form to the Regional Ombudsman within five calendar days of receipt. (*Id.* § 866.1.VI.B.5.) "If a Regular Grievance does not meet the criteria for acceptance and review by the Regional Ombudsman does not result in intake into the grievance process, the issue must be resubmitted in accordance with the criteria for acceptance." (*Id.* § 866.1.IV.O(b).) Finally, "[t]he exhaustion of remedies requirement will be met only when the Regular Grievance has been accepted into the grievance process and appealed through the highest eligible level without satisfactory resolution of the issue." (*Id.*)

### 2. Grievance Appeals

Up to three levels of review exist for a regular grievance. (*Id.* § 866.1.VI.C.) The Facility Unit Head of the facility in which the offender is confined is responsible for Level I review. (*Id.* § 866.1.VI.C.1.) If the offender is dissatisfied with the determination at Level I, he or she may appeal the decision to Level II, a review of which is conducted by the Regional Administrator, the Health Services Director, the Superintendent for Education, or the Chief of Operations for Offender Management Services. (*Id.* § 866.1.VI.C.2.) The Level II response informs the offender whether he or she "qualifies for" an appeal to Level III. (*Id.* § 866.1.VI.C.2.g.)

### B. The Plaintiff's Efforts at Exhaustion with Respect to His Present Claim

On February 3, 2020, the plaintiff submitted an informal complaint wherein he complained that, almost ten months earlier, on April 26, 2019, he was told by the defendant to clean his paint brush in a solution provided by the defendant. (ECF No. 27–1, at 21.) The Plaintiff was then told to dispose of the solution in a boiler and when he did so, it exploded, causing burns to the plaintiff's person. (*Id.*) VDOC staff responded that the department "has no remedy to grant you relief for your informal complaint." (*Id.*)

On May 29, 2020, the plaintiff submitted another Informal Complaint about the incident where he was burned after disposing of the solution in the boiler. (*Id.* at 22.) The plaintiff asserted that he never received a receipt to his earlier Informal Complaint. (*Id.*) Grievance Coordinator Jackson responded to the Informal Complaint and stated that he had mailed a response to the prior Informal Complaint to the plaintiff at the plaintiff's then place of incarceration, the Green Rock Correctional Center, on February 19, 2020. (*Id.*) Jackson attached a copy of the prior response to his response to the plaintiff's May 29, 2020 Informal Complaint. (*Id.*)

On July 7, 2020, the plaintiff submitted a Grievance about the incident on April 26, 2019, when he was burned. (*Id.* at 23.) Jackson rejected that Grievance at intake because it was filed well past the thirty-day filing period. (*Id.* at 24.) Thereafter, the plaintiff submitted an untimely appeal of that intake decision to the Regional Ombudsman, who rejected the appeal as untimely. (ECF No. 27–1, at 5.)

### III. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "so that the agency addresses the issues on the merits." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The plaintiff failed to comply with the VDOC's procedural rules by failing to timely file his regular grievance. As such, his complaint could not be addressed on its merits as is required

for proper exhaustion. *Woodford*, 548 U.S. at 90 (emphasis in original) (explaining that an inmate must use administrative remedies "*properly* (so that the agency addresses the issues on the merits)."). The record therefore establishes that the plaintiff failed to comply with 42 U.S.C. § 1997e(a) and his claim is not properly exhausted.[4] Accordingly, the Motion for Summary Judgment (ECF No. 26) will be GRANTED.

Although the normal remedy for a failure to exhaust under § 1997e(a) is dismissal without prejudice, *see, e.g., Booth*, 532 U.S. at 735, dismissal with prejudice may be appropriate "where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust." *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004); *see Van Houten v. Marlett*, 330 F. App'x 161, 162–63 (10th Cir. 2009). That is the case here. The plaintiff's claim will be DISMISSED WITH PREJUDICE. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 21 October 2021
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[4] "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citations omitted). The plaintiff fails to allege, much less prove, that he was prevented from timely pursing an appropriate grievance.